GARF[unclear]

111 GREAT NECK
TEL (516)

> Application denied without prejudice to renew. Should Plaintiff wish to seek a pre-motion conference, it shall comply with Rule 4(D) this Court's Individual Practices which directs, *inter alia*, that "[t]he pre-motion letter shall be a joint letter from all counsel limited to five pages double-spaced outlining the discovery disputes sought to be addressed."
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 80.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        March 9, 2022

**FILE NO.:** 10435.0055

**By ECF**

Hon. Philip M. Halpern
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:   *Somnia Inc. v. Change Healthcare Technology Enabled Services, LLC, et al.*
      Docket No. 19-cv-08983 (KMK)

Dear Judge Halpern:

We represent Plaintiff Somnia Inc. ("Somnia") in the above referenced case. We write to request a pre-motion conference to address two current discovery disputes with Defendant Change Healthcare Technology Enabled Services ("Change") concerning: (1) Change's deficient discovery responses; and (2) Somnia's request for "read-only" access to its own data using Change's software. Pursuant to Fed. R. Civ. P. 37(a)(1), the parties have engaged in good faith "meet and confer" calls on March 2 and March 7, 2022, during which Change objected to the relief sought. Change is thus fully aware that Somnia is making this application.

**Factual Background**

Somnia, an anesthesia management services company, brought claims against Change for breach of a Master Services Agreement ("MSA"). Under the MSA, which incorporated Change's Response to an RFP, Change was supposed to manage the day-to-day revenue cycle

management ("RCM") for each one of Somnia's approximately 20 clients using a suite of specialized software, to train staff knowledgeable of anesthesia-specific coding/billing, and to make available other services and resources to Somnia. The RCM services consisted of, among other things, management of payer contracting and enrollment, provider credentialing, billing, collections, appeals, and other functions directly tied to the collection and reimbursement of monies for services rendered. Change was also obligated to perform quality assurance functions under the MSA. Such an engagement was a massive undertaking that occurred from 2014 until the relationship was severed in 2018.

**Procedural Background**

Following the Court's decision on Change's motion to dismiss in February 2021, the parties began exchanging discovery responses and productions starting in the early summer of 2021. However, as indicated by the extension requests and amended scheduling orders jointly submitted by the parties, the parties needed additional time to complete fact discovery due to the sheer volume of documents and information. On Somnia's end, Somnia gathered mailboxes from at least twenty-two custodians in its organization, and provided years-worth of data (approximately 300 gb). This ultimately translated to over 3 million pages of documents that were responsive to Change's demands. As the Court can surmise, review of these documents was a months-long process, and is still on-going with multiple attorneys actively engaged since last fall.

Despite the fact that Change was the party actively performing the day-to-day RCM services, and Somnia merely overseeing Change's performance and metrics, Change's

Hon. Philip M. Halpern
March 8, 2022
Page 3

production fell woefully short when compared to Somnia.  Change only produced a total of approximately 25,000 documents, or 90,000 pages, from just ten upper-level individuals or custodians in the fall 2021.  Its search parameters still remain unclear to Somnia.

While Somnia was knee-deep in reviewing the 3 million pages of documents it collected and produced, Somnia also reviewed Change's measly production.  It immediately became clear that the production received from Change was deficient for numerous reasons discussed further below.

**The Discovery Disputes**

There are two issues requiring judicial intervention.  First, in a 14-page letter dated February 18, 2022, Somnia formally objected to Change's discovery as largely incomplete.  A copy of the deficiency letter is attached as Exhibit 1 hereto.  As expressed in Somnia's letter, it became clear following Somnia's document review that Change did not produce a host of relevant documents on numerous topics, and ignored searches from dozens of custodians.  Put simply, this meant that Change failed to produce any documents from the individuals who actually performed the underlying work on the accounts, such as the billers, coders, collection department, etc.  With regard to specific categories, as just one example, Change did not produce any documents pertaining to correspondences between Change and Somnia clients (Req. No. 35), despite the fact that the Court preserved Somnia's good faith and fair dealing claim precisely on the issue of Change underhandedly interfering with and/or stealing Somnia's business.

While Change conceded that some custodians might be relevant, Change has largely rejected Somnia's request as untimely, and presumed the Court would simply agree.  Change

further stated the excuse that it would be impossible to now complete these tasks within the current discovery schedule, despite the fact that Somnia fulfilled its discovery obligations. In effect, Change has shirked its discovery obligations over the last few months, and asserts that it was incumbent on Somnia to raise an issue. This is notwithstanding Change's affirmative duty to produce relevant documents through and after the close of discovery. *See e.g.*, *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 357–58 (W.D.N.Y. 2011) (holding the duty to produce continues even after the discovery period and granting motion to compel); *Ferring Pharms. Inc. v. Serenity Pharms., LLC*, 2019 WL 5682635, at *2 (S.D.N.Y. Nov. 1, 2019).

In any event, Somnia rejects any claims that it has acted in an untimely manner or that it has delayed seeking judicial resolution. Change's production was being done on a rolling basis, such that Somnia reasonably assumed additional responsive documents would be produced without further demands. There is no dispute that Change possesses a far greater volume of documents than Somnia, such that it would have been natural for Change to require additional time to produce documents. In fact, Change produced another set of documents as recently as February 8, 2022. Moreover, Change's vague discovery responses did not alert Somnia that it would be withholding entire productions from dozens of custodians, nor did Change ever indicate that its production was completed or otherwise finished.

Second, in a letter, dated February 24, 2022, Somnia formally requested read-only access to its data and explained why Somnia's expert, Marcum LLP, which Somnia hired last summer, needed such access in order to complete its damages analysis. A copy of the February 24, 2022

Hon. Philip M. Halpern
March 8, 2022
Page 5

letter is attached as Exhibit 2 hereto.  This letter followed prolonged back-and-forth correspondence in which Somnia requested read-only access as early as January 2022.  As explained in further detail in the attached letter, the information that Change possesses cannot be analyzed without the software from which it was derived because the raw data is unable to be cross-referenced.

Change denied this request because it asserted that Somnia already had the raw data. Importantly, Change did not otherwise state that the request was difficult or burdensome on Change.  We note that Change sought to compromise both of the foregoing discovery disputes by making a portion of the data available to Somnia's experts for a limited time.   This limited access, however, was not sufficient, nor acceptable to Somnia.

We look forward to the Court's involvement to resolve this dispute.  Thank you for your attention.

    Respectfully submitted,

    */s/ Jason Hsi*

    Jason Hsi

Enclosures

cc:     All Counsel of Record

GARFUNKEL WILD, P.C.

6394184v.5